IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**FYFE CO. LLC, et al.**          *

      **Plaintiffs**          *

 **v.**          *

                                CIVIL NO. 13-00176-CCB

                              *

**STRUCTURAL GROUP, INC.**
**et al.**          *

      **Defendant.**          *

                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM

Currently pending before the Court is Plaintiffs' motion to compel designation of Dr. Tarek Alkhradji as additional custodian under expedited discovery plan. (ECF No. 80.) The Court has considered the motion, Defendants' response in opposition (ECF No. 85), and Plaintiffs' reply thereto (ECF No. 88). For the reasons discussed herein, Plaintiffs' motion will be GRANTED.

### I. Background

On March 12, 2013, this Court entered an Expedited Discovery Plan ("EDP") to govern all discovery between Plaintiffs and Defendants. (ECF No. 40.) This Court's March 12, 2013, order left the terms of the EDP to those terms agreed upon

1

by the parties in their January 25, 2013, and March 6, 2013, correspondence. (Id.) The January 25, 2013, correspondence identified ten of Defendants' employees[1] as "custodians,"[2] whose personal computers, work computers, external storage devices, cell phones, tablets, and similar storage devices would have a forensic image taken by a Third Party Analyst. (Defs.' Opp'n, Ex. C, January 25, 2013, Correspondence 11-12, ECF No. 85-1.) The March 6, 2013, correspondence limited expedited discovery to six of the ten employees[3] originally designated as "custodians" and provided that "Plaintiffs reserve the right to request expedited discovery from additional Custodians, should the discovery reveal that different individuals possess information or documents relevant to this action." (Defs.' Opp'n, Ex. D, March 6, 2013, Correspondence 23-24, ECF No. 85-1.) On May 2, 2013, this Court entered a Stipulated Protective Order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by

---

[1] Jason Alexander; Mark Geraghty; Anna Pridmore; Shaun Leoding; Peter Emmons; Jay Thomas; Brent Anderson; Michael Biesiada; Angela Mease; Cathy Ullery. (Defs.' Opp'n, Ex. C, January 25, 2013, Correspondence 12.)

[2] In addition to the ten named parties, the term "custodian" includes "any person employed by Structural Group, Inc. ("SGI"): (1) who is or was the direct supervisor of an Individual Defendant and/or (2) who has had responsibility for and/or who has provided pricing quotes and/or other data or has confirmed orders from customers of SGI for projects involving the use or installation of Fyfe Co, LLC product purchased from Fyfe Co. since January 1, 2012." (Defs.' Opp'n, Ex. C, January 25, 2013, Correspondence 12.)

[3] Jason Alexander; Mark Geraghty; Anna Pridmore; Shaun Leoding; Peter Emmons; Jay Thomas. (Defs.' Opp'n, Ex. D, March 6, 2013, Correspondence 23.)

2

either party, and providing for attorney's eyes only review of designated documents. (ECF No. 52.)

On October 4, 2013, Plaintiffs filed the present motion seeking that this Court compel the designation of Dr. Tarek Alkhrdaji, Defendants' Chief Engineer, as additional custodian under the EDP. (Pls.' Mot. Compel 1.) Although Plaintiffs seek to designate Dr. Alkhradji as custodian under the EDP, they only seek forensic imaging of Dr. Alkhradji's Structural-issued (work) computer(s), not his personal or external devices. (Id. at 2.) Defendants dispute Dr. Alkhradji, designation as custodian under the EDP, arguing forensic imaging of Dr. Alkhradji's computer would only be justified under extraordinary circumstances, not present here, and that Dr. Alkhradji's remote connection to the present lawsuit does not warrant his designation as additional custodian under the EDP. (Defs.' Opp'n 3, 14.)

**II. Discussion**

Defendants' opposition argues at length that the "extraordinary" discovery method of forensic imaging is not warranted with respect to Dr. Alkhradji's work computer. (Id. at 3-14.) The Court, however, finds this argument to be inapplicable to the present dispute. The instant motion does not require the court to decide whether forensic imaging is an

3

appropriate discovery method in this case. The parties agreed from the outset to an EDP, including forensic imaging of the computers and other electronic devices of "custodians." The issue before the Court, therefore, is whether the EDP warrants forensic imaging of Dr. Alkhradji's work computer.

The parties' final EDP identified six named custodians and reserved to Plaintiffs "the right to request expedited discovery from additional Custodians, should the discovery reveal that different individuals possess information or documents relevant to this action." (Defs.' Opp'n, Ex. D, March 6, 2013, Correspondence 23-24.) The term "custodian" is defined elsewhere as

> any person employed by Structural Group, Inc. ("SGI"): (1) who is or was the direct supervisor of an Individual Defendant and/or (2) who has had responsibility for and/or who has provided pricing quotes and/or other data or has confirmed orders from customers of SGI for projects involving the use or installation of Fyfe Co, LLC product purchased from Fyfe Co. since January 1, 2012.

(Defs.' Opp'n, Ex. C, January 25, 2013, Correspondence 12.) Accordingly, the foregoing provisions dictate whether Dr. Alkhradji warrants classification as additional custodian and whether forensic imaging of Dr. Alkhradji's work computer should be compelled.

While Dr. Alkhradji is not a "direct supervisor" of an Individual Defendant, the Court finds that Dr. Alkhradji is

4

sufficiently connected to the present lawsuit to warrant classification as additional custodian. Dr. Alkhradji, Defendants' Chief Engineer, serves on Defendants' "structural solutions leadership team" with three Individual Defendants, Jason Alexander, Mark Geraghty, and Anna Pridmore. (Pls.' Mot. Compel, Ex. 3, Dep. Thomas 202:1-19, June 21, 2013, ECF No. 80-5.) Further, Plaintiffs proffer that discovery has revealed that Defendant Anna Pridmore downloaded Plaintiffs' documents onto her Structural Computer, Defendant Mark Geraghty attached a device containing Plaintiffs' documents to his Structural computer, and Defendant Shaun Loeding accessed Plaintiffs' documents on his Structural computer. (Pls.' Reply 2-3, ECF No. 88.) Dr. Alkhradji's apparent working relationship with several Individual Defendants, including Mark Geraghty and Anna Pridmore, creates the possibility that he too may have had access to Plaintiffs' files. Moreover, Plaintiffs discovered that Dr. Alkhradji used three "Fyfe photographs" in a slideshow he presented during the ASCE Pipeline 2013 Conference. Although Defendants have demonstrated that the photos at issue are available via the internet (Defs.' Opp'n, Ex B, ECF No. 85-1), Dr. Alkhradji *may* have obtained the photographs from one or more of the Individual Defendants known to have accessed Plaintiffs' files on their Structural computers. It is notable that Dr.

Alkhradji in his affidavit does not cite his source for their photos.

Additionally, it appears that Dr. Alkhradji's responsibilities as Defendants' Chief Engineer include providing data to Defendants' Customers who require use or installation of Plaintiffs' products. Ms. Pridmore testified in her deposition that Dr. Alkhradji's contacted Plaintiffs in an attempt to obtain product specifications for a project in which Defendants' customer required Plaintiffs' products. (Id., Ex. 6, Dep. Pridmore 90:16—91:5, August 8, 2013, ECF No. 80-8.) Dr. Alkhradji successfully obtained the desired specifications and later forwarded them to Ms. Pridmore, who provided them to Defendants' customer. (Id., Dep. Pridmore 101:2-17.) This testimony indicates that Dr. Alkhradji performs job functions listed as those performed by a "custodian," including providing data to customers for projects involving the use or installation of Fyfe Co, LLC products purchased from Fyfe Co. since January 1, 2012. (Defs.' Opp'n, Ex. C, January 25, 2013, Correspondence 12.).

While Dr. Alkhradji might not perfectly meet the alternative definition of "custodian," his duties as Defendants' Chief Engineer, his working proximity to Individual Defendants, and potential access to and use of Plaintiffs' files, warrant

6

Dr. Alkhradji's classification as an additional custodian pursuant to the terms of the EDP.

Having found that Dr. Alkhradji meets the definition of "custodian," the question becomes whether the "discovery reveal[ed] that [Dr. Alkhradji] posses[es] information or documents relevant to this action." While admittedly sparse, there is a basis, in his relationship to the Individual Defendants and his several contacts with Individual Defendants on subjects related to the lawsuit, that he has information or documents relevant to this lawsuit.

While it is a close case, the Court is swayed to find him an additional custodian, subject to forensic imaging of his computer, for a few reasons. First, the burden on him seems slight, especially in light of Plaintiffs' willingness to image his computer outside of business hours. Second, the imaging is limited to his business computer. Third, the Plaintiffs shall bear the cost. And, fourth, this is the discovery stage where relevance is broadly defined.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion to compel designation of Dr. Tarek Alkhradji as additional custodian under expedited discovery plan shall be GRANTED. A separate order shall issue.

7

Date: February 10, 2014                    __/S/__
                                           Susan K. Gauvey
                                           United States Magistrate Judge