

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of
J. Mark Coulson
U.S. Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_JMCChambers@mdd.uscourts.gov
Phone: (410) 962-4953
Fax: (410) 962-2985

February 9, 2015

LETTER OPINION TO ALL COUNSEL OF RECORD

Re: <u>Fyfe Co., LLC et al v. Structural Group, Inc. et al</u>
    Civil No. 13-CV-176-CCB

Dear Counsel:

The Court has before it Plaintiffs' Motion to Compel and related documents, submitted in accordance with Local Rule 104.7.  (ECF No. 145).   A telephone conference was held today.  In its Motion to Compel, raised three arguments.  First, Plaintiffs sought additional financial records from Defendants.  Plaintiffs advised today that Defendants forwarded additional records shortly after briefing such that this issue is resolved, subject to Plaintiffs resurrecting it upon complete review of the new information. Second, Plaintiffs questions regarding certain items on Defendants' privilege logs.  These questions were resolved during the telephone conference based on input from Defendant and, per the parties, require no further action by the Court at this time.  Finally, Plaintiffs sought to compel certain information relating to an investigation performed by Defendants' retained outside counsel subsequent to suit being filed and relating to whether proprietary information was wrongfully appropriated by Individual Defendant Shaun Loeding ("Mr. Loeding"), a former employee of Plaintiffs who now works for Defendant Structural Group.  It is this third issue that was largely the focus of the parties' briefing and today's telephone conference.

As explained by Plaintiffs, at the deposition of some of Defendants' officers, the deponents were asked by Plaintiffs what, if anything, the company had done to investigate whether Mr. Loeding was in wrongful possession of Plaintiffs' proprietary information.  Their answer referenced an investigation undertaken by their counsel after suit had been filed, assisted by The Oliver Group, a litigation consultant hired by their counsel to assist in the investigation.  For all or part of this time, Mr. Loeding was apparently suspended from work by Defendant Structural Group.  Additionally, in discovery, Defendants produced correspondence from their Head of Human Resources to Mr. Loeding indicating that his suspension was being lifted as the above-referenced investigation did not

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Website at www.mdd.uscourts.gov

uncover any wrongdoing.   Plaintiffs' chief concern was whether Defendants would attempt to use the investigation and its conclusions affirmatively at trial to exonerate themselves while at the same time denying Plaintiffs from discovering the information reviewed in forming those conclusions, in effect using counsel's investigation as both a sword and a shield.

During today's conference call, Defendants were able to provide clarification that causes this Court to conclude that the investigation is confidential and that further information regarding that investigation need not be produced to Plaintiffs. First, Defendants represented that the investigation at issue was conducted by outside counsel (assisted by The Oliver Group) after the filing of the instant lawsuit which, among other things, alleges the wrongful conduct by Mr. Loeding.  It would be completely expected that when faced with such allegations, a party would ask its counsel to undertake an investigation into the underlying facts to assist it in forming its defense.  Such an investigation and its results squarely implicates both the attorney-client privilege and work product doctrine and normally would not be discoverable.   Further, the decisions that counsel made regarding what information to review and what witnesses to interview in that investigation are clearly protected.  The information provided to counsel from a litigation consultant hired by counsel also enjoys protection as the consultant is acting as an extension of counsel in such circumstances. The "shield" is well supported.

In terms of whether the "shield" should be surrendered because its holder is seeking to use the investigation affirmatively, the Defendants confirmed today that they are not seeking to use the investigation, its conclusions, or the information uncovered by The Oliver Group affirmatively in this case. The fact that a deponent, upon questioning by an adversary, referenced that such an investigation was done and, in summary fashion, indicated that no wrongdoing was found does not, in the Court's opinion, act as a waiver under the circumstances.   Further, correspondence to a suspended employee produced in response to a valid discovery request that he was no longer suspended because an investigation had been performed that had not uncovered wrongdoing does not act as a waiver of that investigation.  Defendants are not seeking to use any documents generated by counsel or The Oliver Group at trial.    Although Defendants will certainly be contesting the allegations of Mr. Loeding's misappropriation at trial, they are relying on a litigation expert other than The Oliver Group to support that defense, an expert whose forensic investigation and its conclusions are fully subject to disclosure, deposition and cross-examination by Plaintiffs.

Given that the instant Order maintains the "shield" from discovery of this information, counsel for the Parties are encouraged to discuss prior to trial how, if at all, the fact or outcome of Defendants' counsel's internal investigation could be utilized at trial.   The Parties are obviously in the best position to anticipate these potential issues and, as necessary, to raise them with the Chief Judge Blake as the trial judge.

Accordingly, based on the above reasoning Plaintiffs' Motion to Compel is DENIED as to Request for Production of Documents No. 20 and Interrogatories Nos.  25 and 26 and found MOOT

as to Plaintiffs' other requests.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge