

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
J. Mark Coulson
U.S. Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_JMCChambers@mdd.uscourts.gov
Phone: (410) 962-4953
Fax: (410) 962-2985

March 20, 2015

LETTER OPINION TO ALL COUNSEL OF RECORD

Re: Fyfe Co., LLC et al v. Structural Group, Inc. et al
    Civil No. 13-CV-176-CCB

Dear Counsel:

    The Court has before it Defendant Structural Group's Motion to Strike The Untimely Expert Reports of Patrick F. Kennedy, PhD and Michael Bandemer, Plaintiffs' Opposition and Defendant's Reply.  (ECF Nos. 149, 154 & 155).  The Court finds that no hearing is necessary, pursuant to Local Rule 105.6 (D. Md. 2014).

    This case involves allegations that certain of Plaintiffs' former employees went to work for Defendant in violation of various restrictive covenants, utilizing trade secrets and other confidential information from Plaintiffs resulting in damages to Plaintiffs including lost profits.   The Parties have designated experts to testify about two general topics in this action: computer forensics and damages.  The modified scheduling order set the deadline for Rule 26(e)(2) Supplemental Disclosures and Responses, which would include supplementation of expert reports, as February 5, 2015.  (ECF No. 137). Plaintiffs filed supplements to the reports of Dr. Kennedy and Mr. Bandemer on March 13, 2015—10 and 11 days prior to their depositions respectively.

    Defendant argues that the February 5, 2015 deadline was intended as a simultaneous supplementation to address the evidence of record up until that date and that Plaintiff's late filing impermissibly addresses additional records and rebuts the timely supplemental reports filed by Defendant.  (ECF No. 149-1 at 3).  The harm

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Website at www.mdd.uscourts.gov

alleged by Defendant is the surprise of receiving the report late and within 10-11 days of the expert depositions. (*Id.* at 5-6). In this regard, Defendant suggests that the only possible cure is the rescheduling of the four expert depositions that have been set to occur back-to-back beginning on March 23, 2014. (*Id.* at 6). In the alternative, should this Court not exclude the reports, Defendant requests that it have until April 10, 2015 to submit supplemental and rebuttal reports and that the expert depositions be postponed to no sooner than April 13, 2015. (ECF No. 155 at 2). Defendant also seeks modifications to the discovery deadline, request for admission deadline and dispositive motions deadline (which has already been requested in a separate pleading pending before Judge Blake (*See* ECF No. 152)). (*Id.*).

Plaintiffs argue that the late submission of the supplemental reports are justified, harmless, and in fact benefit Defendants by advising them of precisely how their experts will testify at deposition. (ECF No. 154 at 2). Specifically, with respect to Dr. Kennedy's supplemental report, Plaintiffs state that critical financial documents were not produced until February 4, 2015 at 6:59 p.m.—on the evening before the supplemental reports were due. (*Id.* at 3). Plaintiffs further argue that another piece of critical information relating to FRP jobs was not produced until February 12, 2015. (*Id.* at 4). With respect to Mr. Bandemer's supplemental report, Plaintiffs explain that they did not receive the contents of a relevant external hard drive until February 3, 2015. (*Id.* at 5). Plaintiffs also explain that the supplemental reports "do not contain opinions which fundamentally alter the prior reports; they simply discuss new evidence, update the prior reports (including revising calculations in Kennedy's report) and rebut the opinions of the defense experts." (*Id.* at 9). Finally, Plaintiffs emphasize that the filing of the supplemental reports 10-11 days prior to the expert depositions does not prejudice Defendants. (*Id.*).

After consideration of the Parties' respective positions, the Court finds that Plaintiffs have demonstrated substantial justification and harmlessness. As an initial matter, both initial and rebuttal reports were timely filed as to both experts. In such circumstances where the identity and substance of an expert's opinions are revealed in a timely fashion, the sanction of exclusion seems extreme and unjustified under all but the most egregious and prejudicial circumstances. A main purpose in providing supplemental reports is to "update" the expert's opinions in light of additional evidence that may have been disclosed since the filing of initial and rebuttal reports. As Plaintiffs point out, the supplemental reports at issue address important information that was not revealed until the supplemental report deadline was upon them. Ideally, Plaintiffs would have either sought by agreement or by motion an extension of the deadline,

however the failure to do so under the circumstances creates little if any true prejudice.

The opinions can be fully explored at the upcoming depositions. With 10 and 11 days respectively prior to the depositions, Defendants have more than enough time to prepare for the depositions, the scheduling of which, as Defendants themselves point out, required "much negotiation." (ECF No. 149-1 at 6). Additionally, the information essentially refines opinions that Defendants are already aware of so there can be no true surprise. Given that Defendants have apparently had the new information for some time, presumably they have already provided it to their own experts for review and evaluation and, if appropriate, incorporation into their own opinions. As for the opportunity to "rebut" the earlier-filed supplemental disclosures of Defendants, Plaintiffs experts presumably would have been doing that at deposition in any event. If anything, knowing that rebuttal in advance is of benefit to Defendants.

Notwithstanding the above, the Plaintiffs should fully expect Defendants' experts to rebut Plaintiffs' recent supplementation at their upcoming depositions and will not be heard to complain of unfair surprise or prejudice to the extent such rebuttal goes beyond Defendants' prior written disclosures.

In light of all these factors the Court does not find that any modification to the scheduling order is necessary, nor should the expert depositions be postponed. Accordingly, Defendant Structural Group's Motion to Strike The Untimely Expert Reports of Patrick F. Kennedy, PhD and Michael Bandemer is DENIED.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge