

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of
J. Mark Coulson
U.S. Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_JMCChambers@mdd.uscourts.gov
Phone: (410) 962-4953
Fax: (410) 962-2985

March 25, 2015

LETTER OPINION TO ALL COUNSEL OF RECORD

Re: Fyfe Co., LLC et al v. Structural Group, Inc. et al
    Civil No. 13-CV-176-CCB

Dear Counsel:

The Court has before it Defendant Structural Group's Motion to Compel Document Production, Plaintiffs' Opposition and Defendant's Reply. (ECF Nos. 148, 157 & 159). This dispute concerns subpoenas sent by Defendants to Aegion Corporation (Plaintiffs' parent company) and Insituform Technologies, LLC (Plaintiffs' sister company). These third parties are represented by the same lawyers who represent the named Plaintiffs. A telephone conference was held with Counsel today. During that conference the Parties satisfied themselves that certain categories of dispute have been produced. However, two issues remain.

As to the first, Defendants have requested documents relating to the departure of Aegion's CEO Joseph Burgess. Plaintiffs respond that such information is not relevant and that the reason for his resignation is wholly personal and unrelated to this matter or the Plaintiffs' financial position. His departure would, of course, be relevant if it was due in whole or in part to the performance of the Plaintiffs as this would be an alternate cause of the financial harm that Plaintiffs contend they suffered at the hands of the Defendants. By contrast, if the departure was for wholly personal reasons, it would be irrelevant. In this regard, Plaintiffs have agreed to provide an ex parte affidavit describing the details of Mr. Burgess's departure and confirming that his departure was unrelated to the performance of the named Plaintiffs for an in camera review. Upon

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Website at www.mdd.uscourts.gov

that review, I will make a determination as to whether documents related to his resignation should be produced.

As to the second, Defendants have requested Aegion and Insituform documents relating to Plaintiffs' hard backlog, soft backlog, sales funnel, and the Individual Defendants' impact thereon. Although Aegion and Insituform have represented that they have produced some of those documents (i.e. all of those in the possession of the named Plaintiffs and any in the possession of Aegion and Insituform sent to or from the named individual Defendants), Plaintiffs have not specifically searched for documents in the possession of Aegion and Insituform that may not have been generated by, received from or otherwise included the named individual Defendants. Plaintiffs are ordered to look for any documents not previously produced in this last category for Aegion and Insituform. The parties verified that the relevant timeframe begins in August of 2012. Although the parties dispute the appropriate end date, the Court is convinced by Defendants' argument that the appropriate timeframe is through the present given Plaintiffs' position (and Plaintiffs' expert's opinion) that Defendants' actions continue to cause damage to Plaintiffs' hard backlog, soft backlog and sales funnel.

Accordingly, Defendants' Motion to Compel Document Production is DENIED IN PART AS MOOT and GRANTED IN PART. The Court will enter a separate order addressing the resignation documents after it completes its in camera review of the affidavit which should be submitted by March 27, 2015.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge